IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BETTY JO DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:11-CV-148 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claims for Supplemental Security Income ("SSI") benefits. For the reasons set forth herein, defendant's motion for summary judgment [doc. 17] will be granted, and plaintiff's motion for summary judgment [doc. 9] will be denied. The final decision of the Commissioner will be affirmed.

I.

*Background*

Plaintiff was born in 1956 and has an 11th grade education. [Tr. 112, 217]. She filed the present application in May 2009, with an alleged onset date of August 1, 2000. [Tr. 112]. Plaintiff claims to be disabled by hypertension, depression, allergies, and knee injury. [Tr. 125]. Her application was denied initially and on reconsideration.

Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in July 2010. At that hearing, plaintiff amended her alleged onset date to April 29, 2009. [Tr. 34].[1]

In August 2010, the ALJ issued a decision denying benefits. Therein, it was concluded that plaintiff suffers from "Arthralgias, Osteopenia, and an Affective Disorder," which were deemed severe impairments but not equal, individually or in concert, to any impairment listed by the Commissioner. [Tr. 18-19]. The ALJ further concluded that plaintiff retains the residual functional capacity ("RFC") for work at the medium level of exertion "that is simple, routine, and repetitive, which involves things rather than people[,] and avoids exposure to hazards." [Tr. 20]. Citing vocational expert ("VE") testimony, the ALJ determined that plaintiff remains able to perform a significant number of jobs existing in the state and national economies. [Tr. 24-25]. Plaintiff was accordingly ruled ineligible for benefits.

Plaintiff then sought review from the Commissioner's Appeals Council. That request was denied on April 28, 2011, despite plaintiff's submission of additional medical records. [Tr. 1, 4].[2] The ALJ's ruling became the Commissioner's final decision. Through

---

[1] Plaintiff had also filed a claim for disability insurance benefits ("DIB"). Based on the amended onset date of April 29, 2009, plaintiff withdrew the DIB claim because her insured status had expired. [Tr. 34].

[2] Plaintiff's additional documents [Tr. 379-89] are not discussed in her brief and thus are not an issue on appeal. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

her timely complaint, plaintiff has properly brought her case before this court for review. *See* 42 U.S.C. § 405(g).

On appeal, plaintiff argues that the ALJ improperly credited the opinion of a nonexamining psychologist over the opinion of a psychologist who had examined her. Plaintiff does not challenge the ALJ's conclusions regarding her *physical* complaints. Any issue that has not been specifically addressed by plaintiff has been waived. *See Hollon*, 447 F.3d at 490-91.

II.

*Relevant Background*

To Frontier Health staff on May 6, 2009, plaintiff "report[ed] a history of depression beginning in 2001 after the loss of her mother. Multiple episodes have occurred since that time due to life stressors and most recently the client reports an increase in depression after finding out that her husband of 33 years is leaving for another woman." [Tr. 217]. Plaintiff requested a letter stating that she is disabled by depression but she was informed "that this facility cannot provide her with this type of letter at this present time." [Tr. 217, 219]. On May 14, 2009, plaintiff told Church Hill Free Medical Clinic ("Church Hill") staff that she was doing much better emotionally and now felt "wonderful." [Tr. 228].

Clinical psychologist Wayne Lanthorn performed a consultative examination on July 30, 2009. Plaintiff was not currently taking antidepressant medication but reported that she had "responded well" to prior use of Zoloft and Cymbalta. [Tr. 235].

3

Dr. Lanthorn observed plaintiff's mood to be "an agitated depression." [Tr. 236]. He diagnosed cannabis abuse, generalized anxiety disorder, and recurrent, severe, major depressive disorder. Dr. Lanthorn also saw the need to rule out the possibilities of somatoform disorder and alcohol abuse. [Tr. 237]. Based on his testing and observation, Dr. Lanthorn opined,

> With respect to learning simple material in the job setting, it is felt that she would have mild limitations, but more complicated aspects would be in a moderate or greater area of limitation. With regard to interacting with others, it is felt that the claimant has moderate to marked difficulties. With regard to sustaining concentration and persisting at task, it is felt that she would have moderate to marked difficulties. Lastly, dealing with changes and requirements of the work setting, it is felt that she would have moderate or greater limitations.

[Tr. 238].

Nonexamining source Victor O'Bryan, Ph.D completed a Mental RFC Assessment form on September 20, 2009. Dr. O'Bryan opined that plaintiff would be limited only to a "moderate" degree and only in five categories: maintaining attention and concentration for extended periods; completing a workweek and workday at a consistent pace without undue interruption; interacting appropriately with the general public; getting along with coworkers; and responding appropriately to changes in the work setting. [Tr. 260-61]. Dr. O'Bryan further opined that plaintiff remains capable of: performing multistep tasks; maintaining concentration, persistence, and pace for at least two-hour periods; interacting appropriately with peers and supervisors; and adapting to routine changes in the work place. [Tr. 262]. On November 3, 2009, Dr. Brad Williams reviewed the record and affirmed Dr.

4

O'Bryan's views. [Tr. 291].[3]

Plaintiff resumed taking antidepressant medication on August 5, 2009. [Tr. 162]. She testified at the administrative hearing that her current mental health medications have helped her. [Tr. 35-36].

Plaintiff returned to Frontier Health on October 30, 2009. She reported "doing well at this time on her current medication regimen." [Tr. 338]. She was described as alert, oriented, calm, cooperative, and "participat[ing] well in treatment discussions and decisions." [Tr. 338]. At her next Frontier Health appointment in February 2010, plaintiff reported increased anxiety which she appeared to blame on the winter weather. [Tr. 337]. The provider's notations regarding her mental status were again positive. [Tr. 337]. At her April 2010 appointment, plaintiff claimed to "stay tore-up" over renewed marital discord. [Tr. 336].

Additional treatment records from Church Hill reflect the following:

- December 8, 2009 - Plaintiff was feeling better due to antidepressant medication. [Tr. 361].

- March 2 and 30, 2010 - Plaintiff complained of increased anxiety. [Tr. 357-58].

- April 27, 2010 - Plaintiff was "doing better" despite her marital problems. A "good family support system" was noted. [Tr. 355].

---

[3] Dr. O'Bryan is a clinical psychologist. *See* http://health.state.tn.us/licensure/Practitioner.aspx?ProfessionCode=1410&LicenseNumber=1101&FileNumber=1101 (last visited February 8, 2012). Dr. Williams is a psychiatrist. *See* http://health.state.tn.us/licensure/Practitioner.aspx?ProfessionCode=1606&LicenseNumber=3625&FileNumber=14843 (last visited February 8, 2012).

5

III.

*Applicable Legal Standards*

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g)*; Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

An individual is eligible for SSI on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a). "Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id*.

IV.

*Analysis*

As noted above, the ALJ found plaintiff capable of performing work at the medium level of exertion "that is simple, routine, and repetitive, which involves things rather than people[,] and avoids exposure to hazards." [Tr. 20]. The ALJ gave "great weight" to the opinion of nonexamining Dr. O'Bryan and "rejected" the opinion of examining consultant Dr. Lanthorn, finding the former to be more "consistent with the record as a whole" than the latter. [Tr. 21, 23]. The importance of this issue is that at the administrative hearing the vocational expert testified that Dr. Lanthorn's views, if credited, would preclude employment due to an inability to maintain persistence and pace for two-hour periods. [Tr. 41].

Plaintiff argues that it was error to credit a nonexamining source (O'Bryan) over an examining one (Lanthorn). However, an ALJ may credit the views of a nonexamining doctor over those of someone who has examined the claimant where the nonexaminer's opinion is better supported by the objective evidence and more consistent with the record as a whole. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006). The ALJ reached that conclusion in the present case and he explained why.

First, the ALJ cited plaintiff's activity level. [Tr. 19-20, 24]. She cleans house for three to four hours daily, prepares complete meals daily, washes clothes, showers, walks, monitors her own glucose levels, goes outside daily, reads, shops for groceries weekly, visits with neighbors, has a drivers license and can drive, visits with family regularly, pays her own bills, manages her own

8

checking and savings accounts, and acquires marijuana for frequent consumption. [Tr. 36-38, 149, 151-52, 178, 180, 211, 218-19, 235]. The ALJ correctly observed that this level of activity and self-sufficiency undermines the purportedly disabling severity of plaintiff's depression.

The ALJ also correctly observed that plaintiff's psychological complaints appear to be episodic, triggered by family stressors, rather than continuous. [Tr. 21]. Lastly, the ALJ correctly noted that Dr. Lanthorn examined plaintiff in an unmedicated state [Tr. 21], while the record indicates a general improvement in plaintiff's condition following her August 2009 resumption of antidepressant medication. [Tr. 21-23].

Through these explanations, substantial evidence supports the ALJ's decision to credit Dr. O'Bryan's views over those of Dr. Lanthorn. There was no error.

Lastly, to the extent that plaintiff would argue that various GAF scores are probative of her true condition, those scores are of no controlling value. *See generally DeBoard v. Comm'r of Soc. Sec.*, No. 05-6854, 2006 WL 3690637, at *3-4 (6th Cir. Dec. 15, 2006); *see also White v. Comm'r of Soc.* Sec., 572 F.3d 272, 276 (6th Cir. 2009) (citation and quotation omitted) (GAF score is a "subjective determination"); *Oliver v. Comm'r of Soc. Sec.*, No. 09-2543, 2011 WL 924688, at *4 (6th Cir. Mar. 17, 2011) (a GAF score is generally "not particularly helpful by itself" and is "not dispositive of anything in and of itself").

## V.

*Conclusion*

The final decision of the Commissioner was supported by substantial evidence. That decision will be affirmed, and an order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan<br>United States District Judge

10

Case 2:11-cv-00148-RLJ   Document 19   Filed 02/10/12   Page 10 of 10   PageID #: 86